HAUGHY *versus* STRANG.

It is a rule of practice in equity, that a bill may be dismissed, *on motion*, at any time, for want of equity.

Where Courts of Law and Equity have concurrent jurisdiction of a matter of defence, and a defendant elects to defend at law, and fails, he will not be permitted afterwards to apply to chancery, unless such failure has resulted from unavoidable accident.

The refusal, of a Common Law Judge, to grant a new trial, in a case adjudged before him, and where all the facts were properly cognizable, is not a good cause for an application to chancery.

The complainant, Haughy, filed his bill in the Chancery Court of Tuskaloosa county, for relief against a judgment at law.    The bill stated, that the defendant in error had recovered judgment against the complainant, in an action of trover ; that the property was that of the complainant, and that on trial, (the Court having convened earlier than usual, when he was not enabled to assemble his witnesses,) unfair

23

evidence, as he was informed, was introduced against him. That he afterwards applied for a new trial, which was refused by the presiding Judge.

The defendant filed an answer, and the cause, after being several times continued, was dismissed, on motion, for want of equity apparent on the face of the bill.

A writ of error was thereupon taken to this Court, and it was said,

1st. That the Chancellor erred in dismissing the bill, *on motion*.

2d. That the bill was entitled to equity.

STEWART, for Plaintiff.—I object that it was too late, except on final trial, to dismiss for want of equity. The doctrine is, as to there having been a trial at law, that where the party has not had an opportunity to make his defence, equity will relieve. In a question of this kind, the bill must be taken as true. Here, there is a charge of fraud, duress, and oppression, and of the fact, that the defendant had no opportunity to make his defence. But, the Judge that dismissed the bill, said, that no Judge could have been so oppressive as to proceed in the manner charged. But it will not do for a chancellor, acting on matter appearing on the face of a bill, to say that he does not believe its statements. The statements of the bill must be taken as true; and from these it appears, that the Court, in the Common Law suit, sat at an unusual hour, when the defendant Haughy was not present; that Strang introduced fraudulent proof—proof of money paid, that had in fact been settled ; and that he had no opportunity of defending himself below. The bill charges fraud, force, and duress, in the commencement of the affair—fraud also, in the manner of prosecuting the suit. Under these circum-

stances, chancery will open the case, and grant relief to the amount of the excess beyond what Haughy received. Strang received the goods as a pledge; and yet, in the action at law, he recovered their value. This was recovering the amount of a penalty: and to relieve against a penalty is the province of a Court of Chancery.

I doubt whether we are compelled to assert our equitable right to redeem, in a Court of law. Could we have been relieved there? and, if we could, has not chancery, in a case like this, also jurisdiction? The most that could be said on the other side, would be, to raise the question of costs.

ELLIS, *contra.*—I have always understood the rule to be, that a motion may be made at any time, to dismiss for want of equity on the face of the bill. The proceeding, I conceive, was regular. The Court is referred to Rule 7th, of this Court, on the subject of Chancery practice.

This bill wants equity on its face. Courts of Chancery will not relieve against a verdict and judgment at law, where the party might have made a complete defence.

Strang was entitled to the value of the goods. The agreement was, that they were to be his property, if it should appear that the money had been received by the sub-agent, and Haughy should fail to pay over the money. If these goods should be considered as having been mortgaged, it was competent for the mortgagor to give evidence in a Court of Law, in reduction of damages. There is, therefore, no ground for the interference of a Court of Equity.

The reason given for not defending at law, is insufficient. "The Court," it is said, "met at an unusual hour." Did it meet before the time it adjourn-

ed to? It is not stated. The excuse is of the most flimsy kind. Are Courts to attend to the convenience or the caprice of parties? Relax the rule to this extent, and all cases will be drawn into Courts of Chancery. The rule is, that chancery will not relieve against a trial at law, where the party might have made a complete defence. There is no shewing in this bill, of fraud in obtaining the judgment—no shewing of accident, surprise, or any thing else that would bring the case within the exceptions to the rule, as I have laid it down.—1 *Marsh.* 13, 16, 155, 312—3 *Littell,* 430—4 *Littell,* 163, '4—3 *Johns. Ch. Rep.* 351 to 356—4 *Johns. Ch. Rep.* 566—6 *Johns. Ch. Rep.* 87, 479—3 *Dessaussure's Rep.* 325—*Hardin's Rep.* 173.

By Mr. Justice THORNTON.

This cause is brought up by writ of error, from a final decree of a chancellor, dismissing the bill of the plaintiff, on motion, for want of equity on the face of the bill, after answer filed, and after several continuances of the cause.

The first error assigned, questions the propriety of dismissing the bill, on motion. Independent of any general authority for this course, we have an express rule of practice, which allows it. The complainant cannot justly complain of a result, which would have been inevitable at the final trial, no matter how long protracted, if the merits of his bill were disallowed. The time when a bill is dismissed for such a cause, being immaterial, the only question which can arise, is, whether the dismission was proper, with reference to the matter which it contains. The bill in this case, reduced to its substance, is, to this effect. The complainant was sued in the Circuit Court of Tuskaloosa, in an action of Trover, and a recovery had against him by the defendant. It alleges,

that the property sued for, was, in truth and in fact, that of the complainant; that it had been pledged to the defendant only; and that the pledge was extorted by duress; that on the day when the judgment at law was recovered, the Court met at an earlier hour than was usual at that season of the year; so, that neither he or his witnesses were present; that, as he was informed, though he does not say he believes it, unfair evidence was introduced upon this trial, not relative to the matter in controveasy; that he made an application to the presiding Judge for a new trial, which was unkindly denied.

In deciding upon the propriety of dimissing this bill, two questions present themselves. The first is, whether the matters set forth were not all properly cognizable in the Court of Law, and might not have been fully availed, in defence of the action which he now seeks to overhaul: And, secondly, whether the facts alleged, by way of excuse, for not having done so, are sufficient to authorise an interference by a chancellor; especially as a new trial has been refused by the tribunal before whom the whole matter transpired. The doctrine is, that if the matter set up in the bill constitutes a good legal defence to the action, equity will not entertain a complaint; unless, without any fault or negligence on the part of the complainant, by cirstances beyond his power to control, an opportunity of making that defence, was lost. As to the matter of this bill, whether of fraud, of duress, pledge of the property, or whatever else it discloses, I entertain no doubt, that there was ample means of relief in the trial at Common Law, according to the principles which regulate that forum: and I am equally clear, that the failure to avail himself of them, was not the consequence of such necessity as would authorise the interposition of chancery.

There is another principle applicable to this case, as now presented, which, in my opinion, is decisive against the plaintiff. It is this: if a matter of defence is optional with a defendant, the Court of Law and of Equity, having concurrent jurisdiction, however he might defend at law or not, yet if he elect to do so, and fail, he cannot afterwards apply to chancery, unless that failure has been occasioned by unavoidable accident. Now, the application for a new trial, is one of those means of legal relief, which will, in presumption of law, always be allowed to prevail, in a case where the matter has not been settled in such a way as ought to be conclusive on the rights of the applicant. The very question attempted to be agitated in this bill, we are bound to consider as having been determined adversely to the complainant, when his motion for a new trial was heard and overruled by the Common Law Judge.

In every view which we can take of this case, we arrive at the conclusion, that the decree below, must be affirmed.