## WOMACK vs. BOOKMAN.

[ACTION ON PROMISSORY NOTE.]

1. *Practice in peremptory call of docket.*—A civil cause, having been properly placed on the trial docket, may be peremptorily called at any time on or after the day for which its trial is set, and the defendant be required to state whether or not he has a defense to the action, although other preceding causes on the docket have not been called or disposed of.

APPEAL from the Circuit Court of Dallas.
Tried before the Hon. E. W. PETTUS.

THIS action was brought by Jacob Bookman against John F. Womack, and was founded on the defendant's two promissory notes. The summons was issued on the 5th October, 1857, and service was acknowledged on the next day. At the fall term, 1857, as appears from the bill of exceptions, "and on the last day of said term, on motion of the plaintiff, the cause was called by the court, before it had been regularly reached on the call of the docket; and the court then and there required the defendant to state whether or not he had any defense to the action. This the defendant declined to do before the cause was regularly reached; and thereupon the court called the cause for trial, without having disposed of the preceding cases on the docket, and ruled the defendant to trial; and the cause was submitted to a jury, who returned a verdict for the plaintiff. To these rulings of

the court, calling said cause before it had been regularly reached on the docket, requiring the defendant to state whether or not he had a defense to the action, and peremptorily calling the cause for trial as above stated, the defendant excepted;" and he now assigns them as error.

GEO. W. GAYLE, for the appellant.

RICE, C. J.—We understand it to be conceded, that this case was properly placed on the trial docket of the fall term, 1857, of the circuit court of Dallas. Upon that concession, the case stood for trial at that term, unless good cause for a continuance was shown, provided it was reached.—Code, § 2257.

True, no judgment could properly have been rendered at that term against the defendant, except by consent of himself or his attorney, within the first three days of the term; nor could the case have been regularly tried, without such consent, before the day for which it was set. Code, §§ 2258, 2261. But, after the expiration of the first three days of the term, and after the day for which this case was set had arrived or passed, and before this case was "passed over" or continued, the fact that the circuit court passed over other cases standing before this on the docket, and called this case peremptorily for trial, cannot entitle the defendant to a reversal of the judgment. We are not aware of any *legal right* of the defendant that is violated by such a course; and when no right conferred on *him* by law has been violated by the exercise of the discretion of the circuit court, in determining the order in which its business is to be disposed of, *he* cannot successfully assail the exercise of such discretion.

*Per Curiam.* (Feb. 23d.) The present court approves and adopts the foregoing opinion of the late chief-justice, and affirms the judgment of the court below.