## BOWIN & CO. vs. SUTHERLIN.

[ACCEPTANCE OF SERVICE—CONSENT TO RENDITION OF JUDGMENT, IF CAUSE OF ACTION BE NOT SETTLED BEFORE FIRST TERM OF COURT.]

1. *Summons and complaint, acceptance of service of, by one member of firm ; how binds firm.*—Acceptance of service of a summons and complaint by one partner in the name of the partnership, is equivalent to service on all in respect to their joint property.

2. *Filing pleas ; effect of.*—Filing pleas in defense of an action is a recognition by the defendant of the case as in court, and is a waiver of any defect or irregularity in the service of process.

3. *Acceptance of service, indorsement of agreement on; what, will not preclude defendant from contesting action.*—An indorsement on a summons by the defendant that he consents to a judgment being taken against him at the earliest term of the court at which it can be rendered, when no delay or advantage accrues thereby to the defendant, is without consideration, and will not preclude him from defending the suit, if he revokes his consent before the judgment is rendered.

APPEAL from the Circuit Court of Butler.
Tried before Hon. P. O. HARPER.

The facts upon which the case turns are sufficiently stated in the opinion.

LANE & GAMBLE, and HERBERT, BOWIN & REYNOLDS, for appellant.

JUDGE & BOLLING, and WALKER, MURPHEY & WINTER, *contra*.

B. F. SAFFOLD, J.—A suit having been commenced by the appellee against the appellants, who were partners, one of the defendants, Reynolds, made the following indorsement on the summons and complaint : " Service accepted and copy waived, and, if not settled before, we consent that the cause may be placed on the docket at the spring term of the circuit court for Butler county, 1869, and that judgment may be rendered at said term in favor of plaintiff, this, February 20th, 1869." Signed, "E. Bowin & Co." At

the spring term of the court, which was the next term after
the issuance of the summons, the plaintiff caused the case
to be put on the trial docket, and on the last day of the
term, which was after the day set for the trial of the cause,
moved the court to enforce the agreement indorsed on the
summons, and to give judgment in his favor, in pursuance
of it.

The defendants objected to any consideration of the
motion, on the ground, that they had filed pleas in bar of
the action, that the court had no jurisdiction of the cause,
and that it had not been regurlarly reached. These ob-
jections were overruled, to which the defendants excepted.

The substance of the action of the court was, that, on
the last day of the term of the court, and after the day set
for its hearing, the cause was called for trial. The execu-
tion of the indorsement on the summons by Reynolds, one
of the firm of Bowin & Co., was proved, and judgment
was rendered against the defendants, notwithstanding they
had previously filed pleas, in disregard of their promise
not to defend. The court refused to hear any defense,
holding the defendants estopped by their agreement.

Inasmuch as service on one partner is equivalent to ser-
vice on all, at least in respect to their joint property, these
defendants were regularly in court, on proof of the ac-
ceptance of service by one. They had also appeared and
filed pleas, which was a waiver of any irregularity in the
service of process.—Revised Code, § 2538; *Lampley v.
Beavers*, 25 Ala. 534. There was no error in calling the
case at any time during the term, after the day set for its
trial, notwithstanding other preceding causes had not been
called or disposed of.— *Womack v. Bookman*, 34 Ala. 38.

The defendants' consent to a rendition of judgment was a
gratuitous promise, revocable at any time before the judg-
ment was rendered. The only injury which could possibly
have resulted to the plaintiff, was a continuance of the
cause, on account of not being ready for trial. The agree-
ment of the defendants was a waiver of rights on their
part, without a corresponding obligation of any sort on
the part of the plaintiff. The term of the court was the
first after the commencement of the suit. He had granted

Bowin & Co. v. Sutherlin.

no delay or advantage to the opposite party whatever. In all of the authorities cited by the appellee, the agreement of the parties to be bound had been passed on by the judgment of the court, and objection taken afterwards. When this is the case, every thing is to be intended which can favor the judgment. A promise in writing to pay the debt of another, in consideration of forbearance to sue, is valid; but if the creditor has no legal right to sue during the time which he promises to forbear suit, the promise to pay is without consideration and void.—*Martin v. Black's Ex'rs*, 20 Ala. 309 ; *Jones v. Ashburnham*, 4 East's Rep. 455. To make a promise obligatory, there must be some benefit to the party making it, or some detriment to the party to whom it is made. In this case, the defendants consent that a judgment may be taken against them at the earliest time the plaintiff can possibly obtain it without the promise. There was, then, no benefit to them. What did the plaintiff undertake to do in consideration of this promise? Nothing that was communicated to the defendants. He merely forbore, perhaps, to prepare his case for trial, and on this account would have been entitled to a continuance. But the promise of the defendants was not in consideration of this failure of preparation ; it was but a declaration at the time that they did not intend to defend. We can not presume that they had no defense then, or that none accrued to them afterwards. It was at most but a promise to pay money which they already owed. If the plaintiff had declared to them that he would not sue them at all on their note, would he have been precluded from suing? If he had promised to dismiss the suit, could he have been forced to do it?—See Comyn's Dig. p. 323, (Action upon the Case upon Assumpsit); *Erwin & Williams v. Erwin*, 25 Ala. R. 236; *Forward et al. v. Armistead*, 12 Ala. 124 ; *Kirksey v. Kirksey*, 8 Ala. 131.

The court erred in refusing to allow the defendants to defend the suit. It is unnecessary to consider the other assignments of error.

The judgment is reversed, and the cause remanded.

NOTE BY REPORTER.—At a subsequent day of the term,

the appellee applied for a rehearing, to which the following response was made :

B. F. SAFFOLD, J.—The appellee, on application for rehearing, insists that there was a consideration sufficient to support the obligation of the appellants that judgment should be taken against them.   He says they expected to, and did save some costs, and that he suffered detriment by the precedence which other causes obtained on the docket. Such considerations can not be regarded as inuring between the parties.   The case was to be put on the docket at the first term after the acceptance of service.   If it could not be then tried, it can not be held the fault of the defendant.

It is not denied that courts have power to enforce, in a summary way, agreements relative to the trial and disposition of causes before them.   But this is more than such an agreement.   The right of one partner to bind another in this way not to defend a suit; the subsequent payment of the money; fraud in making or obtaining the agreement; the existence of some valid defense, are some of the questions which might arise in such a case.   The construction contended for by the appellee would even preclude the grant of a new trial, no matter how unjust the recovery might be shown to have been.   It is against the spirit of the law to enforce such an agreement.

The rehearing is denied.