# Renfro Bros. *v.* Merryman & Co.

*Petition for Rehearing under the Statute.*

1. *Rehearing under the statute; when applicant not without fault.* Where a claimant to personal property levied on under an execution attended court on Wednesday and Thursday of the first week of the term to which the execution was returnable, with his testimony and attorney, ready to attend to the claim suit, but finding that the cause had not been docketed, he and his attorney left; and afterwards, on another day of said term, in the absence of the claimant and his attorney, and without notice to them, the cause was placed on the docket and on the same day, without his testimony, tried, another attorney who had been employed by the claimant in other cases, but not in the claim suit, through mistake, and without the claimant's knowledge, appearing for, and representing him, of which the claimant knew nothing until after the adjournment of the court,—*held*, that the claimant was not without fault, and hence, was not entitled to a rehearing under the statute, although he had a meritorious defense to the suit.

APPEAL from Tallapoosa Circuit Court.

Tried before Hon. JAMES E. COBB.

This was an application for a rehearing under the statute by Renfro Bros., the appellants, and the facts disclosed by the record are as follows: John Merryman & Co., the appellees, having recovered judgment in the Circuit Court of said county against John Chisholm, caused an execution to be issued thereon returnable to the fall term, 1880, of said court. The sheriff of said county having levied this execution on certain personal property, the appellants claimed the property, filing with the sheriff the statutory affidavit and bond, which were, with the execution, returned to court. At the fall term, 1880, the appellees recovered judgment against the claimants in the claim suit; and this application was made within four months thereafter, when a *supersedeas* of the execution was granted. At the spring term, 1881, the cause was tried before the court without a jury upon an agreed state of facts, which is substantially as follows: The claim, affidavit and bond were interposed by Renfro Bros. before the fall term, 1880, of said court. Forney Renfro, one of the firm of Renfro Bros., visited Dadeville, the county site, on Wednesday and Thursday of the first week of the court at said term, with his evidence and attorney, to attend to the case. The case was not docketed until Saturday of said week, and after Renfro and his attorney had gone home. Another attorney, who had been employed in other

cases by the appellants, but not in said claim suit, through a mistake appeared as attorney for the appellants, and without their knowledge tried the case in the absence of their evidence, and lost it. Of this trial the appellants did not know any thing until after the adjournment of said court. Said cause was not docketed and set for trial on any particular day of said court by the clerk, but it was tried on the day it was docketed. To said suit the claimants had a meritorious defense.

The court denied the motion, and dismissed the *supersedeas*, and the appellants excepted, and here assign said ruling as error.

W. J. SAMFORD and J. M. CHILTON, for appellants.

Name of counsel for appellee not disclosed by the record.

(No briefs came to the hands of the reporter.)

BRICKELL, C. J.—A defendant prevented from making his defense, or a plaintiff from supporting his cause of action, by surprise, accident, mistake or fraud, without fault on his part, against whom a judgment is rendered in a court of law, may, within four months thereafter, obtain a rehearing upon a proper application.—Code of 1876, §§ 3161–71. The statute is intended to provide in the court rendering the judgment a less expensive and more speedy remedy than is afforded by a resort to a court of equity in such cases. The class of cases in which the statute authorizes the court of law to interfere, is precisely the class of cases in which a court of equity is accustomed to afford relief against judgments at law; and in the numerous decisions which have been pronounced on the statute, this court has kept steadily in view the principles on which courts of equity proceed in granting the relief which a court of law may under its provisions extend.

Waiving all other considerations, it is manifest the appellants were wanting in reasonable diligence in the prosecution of the claim suit in which the judgment was rendered. The affidavit made by them, and the execution of the bond were the primary and initiatory steps in the institution of a suit; these introduced the suit into the Circuit Court. Reasonable diligence required them to be active in the prosecution of the claim. The inadvertence of the clerk in omitting to enter the suit on the docket, it was their duty to cure by directing his attention to the omission. That omission did not work a discontinuance of the suit; and it was the duty of the clerk, when he discovered it, to rectify it by docketing the cause. When docketed, it was within the discretion of the court to call the cause for

trial at any time during the term, a particular day not having been set for the trial.— *Womack v. Bookman*, 34 Ala. 38.

With all the proceedings had during the term the appellants are conclusively presumed to have had notice, because the law devolved on them the duty of being present, until, by some positive action of the court, the cause was disposed of, or a disposition thereof was made by agreement with the adverse party.—*Speed v. Cocke*, 57 Ala. 209. It was not without legal fault on the part of the appellants, that the judgment of which they complain was rendered against them. If they had exercised reasonable diligence, the diligence which the law exacts of all suitors, the meritorious defense they now prefer, could have been made available, preventing the judgment. The want of such diligence is as fatal to their right to relief as would be the absence of a meritorious defense.

Affirmed.