# Campbell *v.* White.

*Bill in Equity for Relief against Judgment at Law.*

77   397
127   221

1. *Equitable relief against judgment at law; refusal of continuance on account of sickness.*—An application for a continuance is addressed to the discretion of the primary court, and its refusal is neither revisable on error or appeal, nor ground for equitable relief against the judgment; consequently, the defendant can not obtain equitable relief against the judgment on the ground that he was prevented by sickness from attending and making defense at the trial term, when it appears that his attorney asked a continuance on that ground, and the court refused it.

APPEAL from the Chancery Court of Coffee. ,
Heard before the Hon. JOHN A. FOSTER.

J. E. P. FLOURNOY, for the appellant, cited *Beadle v. Graham*, 66 Ala. 102; 1 Brick. Dig. 666, § 376; 2 Story's Equity, §§ 81, 887.

[Campbell v. White.]

SOMERVILLE, J.—We can see no ground for the intervention of a court of equity in the present case. The purpose of the bill is to obtain equitable relief against a judgment at law, in the nature of a bill for a new trial. Conceding that the complainant shows that he had a valid defense to the action in which the judgment was rendered,—which in our view is not made clear—he fails to show that he was prevented from making it by accident, surprise, mistake, or the fraud of the opposite party, unmixed with negligence on his own part, which was essential as a condition precedent to equitable interference. *Beadle v. Graham*, 66 Ala. 102; Story's Eq. Jur. §§ 887–8; 1 Brick. Dig. 666, § 376.

It is shown that the complainant employed an attorney to defeat this action in the Circuit Court, being prevented by sickness from attending in person. An application for *continuance* was presented, based on the ground of such absence, rendered necessary by sickness; and this was overruled by the presiding judge. It is insisted that the complainant was prevented from making his defense at law by reason of the accident of his sickness, and for this reason relief should be granted him in equity. This is a misapprehension of the legal relation of the facts. The immediate fact which prevented the complainant from making his defense was not his sickness, or his absence occasioned by it; for, if the cause had been continued to another term, these obstacles might have been obviated. It was rather the action of the law court in refusing the application for a continuance. The exercise of this power was entirely discretionary with the Circuit Court. An erroneous exercise of it was not even the subject of review on direct appeal to this court.—*Humes v. O'Bryan*, 74 Ala. 64. Much less will it be reviewed collaterally by a court of equity, as it is sought to do in this proceeding. Courts of equity uniformly refuse to usurp appellate jurisdiction by interfering to grant new trials, upon grounds which have already been considered and adjudged at law, however manifestly erroneous the action of the law court may have been.—*Oliver v. Bay* (4 Ohio, 175), 19 Amer. Rep. Note, 603, 607; Freeman on Judg. § 486. The case of *Gales v. Shipp*, 2 Bibb, 241, is an authority for the proposition, that a refusal of the law court to continue a cause is no ground for equitable intervention.

The soundness of this conclusion is subject to a test which would seem infallible. The Circuit Court itself possesses, by statute, the same jurisdiction to grant rehearings of its own final judgments as that ordinarily assumed by Chancery, and in precisely the same class of cases, provided the application be made within four months from the rendition of judgment. Code, 1876, §§ 3161–3171; *Renfro Bros. v. Merriman & Co.*,

[Tomlinson v. Watkins.]

71 Ala. 195. If the complainant had presented his application to the court in which the judgment was rendered, it is manifest that the case would resolve itself simply into an effort to induce the Circuit Court to revoke its order refusing a continuance; and this after final judgment and adjournment, without the presentation of any additional facts which could not as well have been presented to the attention of the law court upon the occasion of its original ruling.

The decree of the chancellor dismissing the bill was free from error, and must be affirmed.