(93 South. 614)

## HANDY v. GRAY. (3 Div. 531.)

(Supreme Court of Alabama. May 4, 1922. Rehearing Denied June 1, 1922.)

**1. Judgment �köm445 — Defendant's application to set aside default having been determined against him and decision affirmed, equitable relief against judgment must be denied.**

Where after default, defendant filed application for rehearing under Code 1907, § 5372, alleging that summons and complaint in ejectment had not been served on him and he had no notice until after judgment was rendered and judgment was rendered against him on this application, which was afterwards affirmed in the Supreme Court, there was an adjudication, and relief against the judgment will be denied in equity.

**2. Judgment ⊜⊐743(2) — Adjudicated issues cannot be litigated over in action between parties.**

Where in ejectment the issue of defendant's adverse possession was adjudicated, the issue cannot be litigated over again in any subsequent action between the parties or their privies.

**3. Judgment ⊜⊐725(1) — Judgment on merits conclusive on all points necessarily involved.**

A judgment on the merits, rendered without regard to formal, technical, or dilatory objections, is final and conclusive, not only as to the facts or issues actually decided, but on all points necessarily involved.

**4. Equity ⊜⊐241—In ruling on demurrer to bill, court cannot look to facts alleged in plea.**

In passing on demurrer to a bill, the court cannot look to facts alleged in the plea.

**5. Injunction ⊜⊐163(3)—Relative injury from dissolution or continuance not considered, where complainant cannot prevail on final hearing.**

On motion to dissolve an injunction, relative injury from continuance or dissolution is a proper matter of consideration only when it can be seen on the evidence that the complainant may establish his right on final hearing.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Bill by T. J. Gray against Carrie S. H. Handy to annul judgment at law and to enjoin execution thereon. From a decree overruling demurrers to the bill and motion to dissolve temporary injunction, defendant appeals. Reversed and remanded.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellant.

The matter set up in the bill is res judicata against complainant. 23 Cyc. 1017; 2 Port. 177, 27 Am. Dec. 648; 200 Ala. 187, 75 South. 935; 170 Ala. 134, 54 South. 496; 195 Ala. 491, 70 South. 717; 25 Ala. 126; 170 Ala. 255, 53 South. 1020. The bill as amended contains no equity. 180 Ala. 391, 61 South. 885; 166 Mo. 358, 66 S. W. 160; 92 Ala. 559, 9 South. 368; 177 Ala. 250, 59 South. 305; 200 Ala. 379, 76 South. 295; 21 C. J. 436; 22 Cyc. 931. An equitable defense to support injunction must be based on an equitable title, and not merely upon an equitable remedy of removing a cloud on the legal title. 69 Ala. 500; 143 Ala. 272, 39 South. 132; 164 Ala. 317, 51 South. 348. Parol purchase and adverse possession are legal defenses. Code 1907, § 4289 (5); 19 C. J. 1083; 166 Mo. 358, 66 S. W. 160; 92 Ala. 559, 9 South. 368; 177 Ala. 250, 59 South. 305; 200 Ala. 397, 76 South. 313.

J. J. Mayfield and Holloway & Hill, all of Montgomery, for appellee.

The bill, seeking to remove a cloud from title, had equity. Delay in asking for relief in the court of equity does not constitute laches. 142 Ala. 517, 38 South. 840, 110 Am. St. Rep. 42; 114 Ala. 564, 22 South. 121; 171 Ala. 617, 55 South. 104, Ann. Cas. 1913B, 225; 190 Ala. 440, 67 South. 252; 144 U. S. 368, 12 Sup. Ct. 693, 36 L. Ed. 450; 106 Ala. 525, 17 South. 728, 54 Am. St. Rep. 59. An

equitable title is a right in a party to whom it belongs to have the legal title transferred to him or the beneficial interest of one whom equity regards as the real owner, although the legal title is vested in another. Black's Law Dict. 1158; 5 Utah, 406, 16 Pac. 403; 188 Pa. 364, 41 Atl. 643. Section 2830 of the Code of 1907 does not apply to one who enters land under a bona fide claim of purchase. 142 Ala. 698, 39 South. 92, 110 Am. St. Rep. 55; 121 Ala. 664, 25 South. 716; 139 Ala. 346, 37 South. 98. An equitable title cannot be set up in a court of law against an action of ejectment. 110 Ala. 640, 20 South. 130; 69 Ala. 494.

SAYRE, J. [1] Complainant (appellee) filed this bill on the equity side of the circuit court to vacate and annul a judgment in ejectment recovered by defendant and to enjoin the execution of that judgment on the ground that he had not been served with process in the action at law, nor had he ever appeared therein or in any wise waived his right to service and a hearing. The judgment against complainant was a judgment by default. Complainant avers that he had a meritorious defense. The original bill was filed November 1, 1920.

November 26, 1920, defendant filed an answer, demurrer, and plea. The plea set forth the fact that within four months from the rendition of the judgment in ejectment, complainant here, defendant there, filed his application for a rehearing under section 5372 of the Code, wherein he alleged that as matter of fact summons and complaint in the ejectment suit had never been served on him and that he had no notice of said suit until after judgment had been rendered; that on this application judgment was rendered against the complainant in this cause, and said judgment was afterwards affirmed in the Supreme Court. This plea showed an adjudication of the issue raised by the original bill in this cause and presented a perfect defense. Haughy v. Strang, 2 Port. 177, 27 Am. Dec. 648; 23 Cyc. 1017, 1018.

So complainant amended his bill, seeking by his amendment to set up an equitable title to the land in controversy—a title which the law court had no jurisdiction to adjudicate. By this amendment complainant averred that he had bought the land from the vendor under whom the defendant in this cause claims title, that the lands in question were pointed out to him as a part of the land conveyed to him, that both he and his vendor intended that this should pass by the deed which was thereupon executed, and that he had been in the adverse possession thereof for more than 10 years before the commencement of defendant's action of ejectment. The prayer is, among other things, that a decree be rendered declaring defendant's paper title to be a cloud upon his title, and that defendant be perpetually enjoined from asserting her rights under the judgment in ejectment.

Temporary injunction, as also prayed, was issued. The court overruled defendant's motion to dissolve the temporary injunction and her demurrer to the amended bill, after which this appeal.

[2, 3] The amendment added nothing to the bill. Had the amendment presented a case invoking the jurisdiction of the court to reform the deed under which complainant claimed, as in the circumstances of an ordinary bill to reform, there is question, notwithstanding the decision in Stricklin v. Kimbrell, 193 Ala. 211, 69 South. 14, cited by appellee, whether the rule of cases like Dailey v. Koepple, 164 Ala. 317, 51 South. 348, would not prevent his maintenance of the bill. But the amendment makes no averments sufficient to maintain a case for reformation, nor is there any prayer for such relief. Therefore it is that the amendment does nothing more than set up a legal title by adverse possession—a title which, along with the paper titles under which the parties claimed, was adjudicated by the judgment by default as conclusively as if complainant had appeared in the law court and made every defense available. Issues so adjudicated cannot be litigated over again in any subsequent action between the parties or their privies. 1 Black on Judgments, § 87; 2 Black on Judgments, § 697; Washington County v. Porter, 128 Ala. 278, 29 South. 185; McCalley v. Wilburn, 77 Ala. 549; 9 Mich. Dig. p. 58, § 44 (2). And the judgment, being a judgment on the merits—that is, rendered without regard to formal, technical, or dilatory objections (2 Black, § 694)—was final and conclusive, not only as to the facts or issues actually decided, but upon all points which were necessarily involved in the matter adjudicated. McDonald v. Mobile Life Ins. Co., 65 Ala. 358. And, as we have already said, the judgment on the application for review was an adjudication that complainant was properly served—had had his day in court.

It results that the correctness of the rulings on the demurrer and the motion to dissolve the temporary injunction must be brought into review as if rendered upon the original bill only.

[4] If the judgment was rendered without service on complainant, and complainant had a good defense as alleged (Robinson v. Reid's Ex'r, 50 Ala. 69), on timely application it should be set aside and held for naught. On the face of the bill there is nothing to indicate that complainant has waited too long. It hardly needs to be said that, in passing on the demurrer to the bill, the court could not look to the facts alleged in the plea. The trial court, therefore, correctly overruled the demurrer.

[5] As for the motion to dissolve the in-

junction; in general the court, considering the relative injury which may result on the one hand to the complainant from a dissolution, and, on the other, to defendant from its continuance, exercises a discretion to dissolve or continue; but that is a proper matter of consideration only when it can be seen on the evidence that the complainant may establish his right on the final hearing. Pioneer Mining Co. v. Shamblin, 140 Ala. 486, 37 South. 391. In the present case the record of the proceedings in the ejectment suit was in evidence on the motion to dissolve. It was not, and we must assume that it cannot be, denied. There can be therefore no probability that the complainant will prevail on the final hearing. It results that the motion to dissolve the injunction should have been granted, and for the error in overruling the motion the decree will be reversed.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.