### ALABAMA CHEMICAL CO. v. HALL.
(4 Div. 130.)

(Supreme Court of Alabama. June 26, 1926. Rehearing Denied Oct. 16, 1924.)

1. **Courts ☞476—Policy to avoid conflict of jurisdiction.**

Policy of courts, in matters of concurrent jurisdiction, is to avoid conflict of jurisdiction.

2. **Equity ☞44—Statute as to rehearing at law in court rendering judgment does not deprive equity of jurisdiction to cancel judgment.**

Code 1907, § 5373, intends less expensive and more speedy remedy for rehearing at law, in nature of new suit to set aside judgment in

court rendering it, than is afforded in equity, but does not deprive equity of jurisdiction to cancel judgment, where law court has not been invoked, though resort to latter under section 5371 et seq., would be adjudication of matter as affecting subsequent procedure in equity.

3. **Judgment ☞436—Applicant for rehearing under statute or for cancellation in equity must have been without fault and exercised required diligence.**

Applicant for rehearing in court rendering judgment, under Code 1907, § 5373, or for cancellation of judgment in equity, must be shown to have been without fault as to rendition thereof, and to have exercised degree of diligence required by established rules.

4. **Judgment ☞454—Failure to resort to statutory remedy held not to show laches precluding filing bill in equity to cancel.**

One against whom judgment is rendered may proceed, under Code 1907, §§ 5372, 5373, or in equity, for rehearing on ground of want of notice or knowledge of pendency of suit, or fraud preventing defense, and is not guilty of laches in filing bill, without having sought to avail herself of such statute.

5. **Husband and wife ☞149(1) — Judgment subjecting wife to payment of husband's debts forbidden.**

Judgment subjecting wife to payment of husband's debts, directly or indirectly, is forbidden by Code 1907, § 4497.

6. **Judgment ☞412—Equity will prevent dissipation of wife's property in payment of husband's debt on timely application after default judgment against her.**

On timely application by wife, against whom default judgment for her husband's debt is taken without her fault, court of equity will prevent dissipation of her properties in payment of such debt, if she came within statute in making defense to action.

7. **Judgment ☞460(6)—Bill in wife's suit to cancel judgment for payment of husband's debts held to contain equity.**

In suit to cancel judgment at law and discharge levy on wife's lands for payment of husband's debts, bill averring want of notice or knowledge of suit, and setting forth defense of surety for husband in violation of statute, contains equity.

8. **Appeal and error ☞724(2)—Assignments, not specifically pointing out error in decree, need not be considered.**

Assignments of error, not pointing out specifically wherein court erred in final decree, need not be considered.

9. **Appeal and error ☞737—Appellant takes nothing under joint assignments of error in overruling several grounds of demurrer, unless each well taken.**

Under joint assignments of error in overruling several grounds of demurrer, not severally and separately specified, appellant can take nothing unless every ground should have been sustained. Supreme Court rule 1, 2 Code, p. 1506.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Bill in equity by S. F. Hall against the Alabama Chemical Company. Decree for complainant, and respondent appeals. Affirmed.

Grounds 1, 4, 6, 7, and 8 of the demurrer to the bill take the objections that there is no equity in the bill; that it fails to show any ground on account of which the court of equity has jurisdiction; that it states no cause of action; that complainant is guilty of laches; and that the bill fails to show any facts or circumstances constituting fraud.

G. W. Reeves, of Florala, for appellant.

The demurrer to the bill should have been sustained. Prudential Cas. Co. v. Kerr, 202 Ala. 259, 80 South. 97; Gray v. Handy, 204 Ala. 559, 86 South. 548; De Soto v. Hill, 188 Ala. 667, 65 South. 998; 23 Cyc. 1039; Code 1907, § 5372; Van Ingin v. Duffin, 158 Ala. 318, 48 South. 507, 132 Am. St. Rep. 29; King v. Dent, 208 Ala. 78, 93 South. 823; Dunklin v. Wilson, 64 Ala. 162; McDonald v. Cawhorn, 152 Ala. 357, 44 South. 395.

J. D. Bailey, of Florala, and Lee & Graves, of Montgomery, for appellee.

The assignments of error being general or joint, the appellant can take nothing unless every ground of demurrer should have been sustained. Woodruff v. Smith, 127 Ala. 77, 28 South. 736; Ashford v. Ashford, 136 Ala. 631, 34 South. 10, 96 Am. St. Rep. 82; Williams v. Coosa Co., 138 Ala. 673, 33 South. 1015; Richard v. Steiner Bros., 152 Ala. 303, 44 South. 562; Sou. Ry. v. Cunningham, 152 Ala. 147, 44 South. 658; Ætna L. I. Co. v. Lasseter, 153 Ala. 630, 45 South. 166, 15 L. R. A. (N. S.) 252; Continental Cas. Co. v. Ogburn, 175 Ala. 357, 157 South. 852, Ann. Cas. 1914D, 377; Burton v. Phillips, 4 Ala. App. 225, 57 South. 152. The bill contains equity. Prudential Cas. Co. v. Kerr, 202 Ala. 259, 80 South. 97; Gray v. Handy, 204 Ala. 559, 86 South. 548.

THOMAS, J. The bill, by a married woman, sought cancellation of a judgment at law and a discharge of the levy on her lands, and relief was granted as prayed.

Grounds of demurrer challenging the bill for laches, want of equity, etc., were properly overruled. The complainant sought to make her bill conform to the requirements of a bill asserting that she had no notice or knowledge of the pendency of the suit at law resulting in the judgment challenged, and, if so, was prevented by fraud on the part of her husband from making defense thereto. National Fertilizer Co. v. Hinson, 103 Ala. 532, 15 South. 844; Prudential Casualty Co. v. Kerr, 202 Ala. 259, 80 South. 97; Gray v. Handy, 204 Ala. 559, 86 South. 548; Handy v. Gray, 207 Ala. 615, 93 South. 614.

The equity of the bill is supported on final pleading and proof as to the phase charging lack of notice that prevented or excused complainant from defending at law. The averments of her bill are to the effect that she executed the note sued upon, was informed (does not state when) that a judgment had been rendered thereon and against her, and that "her said husband, T. A. Hall, told her that he was sued on said note, but that she was not served with a subpœna, and that she would not have to go to court, and having faith in what her said husband told her she did not attend court, and was not present at the trial of said cause, and did not know that any judgment was rendered against her until she was informed that a levy under the execution issued out of said circuit court was about to be levied upon her property, which property was and now is her own separate statutory estate, for the collection of the debt of her said husband. She further states that she has been informed that said judgment has been recorded in the office of the probate judge of Andalusia, Ala."

The proof supplies the date of the levy on complainant's land under execution, of which she was informed, and shows that the levy was made before July 7, 1921. It is also shown that she was so informed of said judgment against her at the register's office in Andalusia either on May 1 or May 11, 1921. The judgment exhibited in the bill is of date March 30, 1921; the sheriff's levy was of date June 30, 1921; and advertisement thereof began of date July 7, 1921. This was within four months after the rendition of the judgment at law. Was complainant guilty of laches in her failure to avail herself of the provisions of section 5372 of the Code, as she might have done to secure a rehearing at law in the court rendering the judgment?

[1] The policy of courts in matters of concurrent jurisdiction is to avoid a conflict of jurisdiction. When no special equity exists, chancery courts have refused to usurp jurisdiction by granting new trials in law courts; the latter having the same authority to grant rehearings as have courts of equity. Campbell v. White, 77 Ala. 397; Hendley v. Chabert, 189 Ala. 258, 65 South. 993; De Soto, etc., Co. v. Hill, 188 Ala. 667, 65 South. 988.

[2] The statute (Code, § 5373) intends a less expensive and more speedy remedy for a rehearing at law (in the court rendering the judgment) than is afforded in equity. Renfro Bros. v. Merryman & Co., 71 Ala. 195; De Soto, etc., Co. v. Hill, 188 Ala. 667, 65 South. 988. And resort, under sections 5371 et seq. of the Code, to the law court rendering the judgment, would have been an adjudication of the matter so far as affecting subsequent procedure in equity for that purpose. Handy v. Gray, 207 Ala. 615, 93

South. 614; Haughy v. Strang, 2 Port. 177, 27 Am. Dec. 648. However, the remedy given for rehearing under section 5373 of the Code is in nature a new suit to set aside the judgment, and equity is not deprived of jurisdiction by reason of the statutory provision (Ex parte Brickell, Judge, 204 Ala. 441, 86 South. 1; Evans v. Wilhite, 167 Ala. 587, 52 South. 845; Ingram v. Alabama Power Co., 201 Ala. 13, 75 South. 304; Harris v. Harris, 208 Ala. 20, 93 South. 841), where the law court has not been invoked to that end (Handy v. Gray, 207 Ala. 615, 93 South. 614).

[3, 4] In applications for rehearing under the statute or in equity the petitioner or complainant must be shown to have been without fault as to rendition of the judgment, and to have exercised that degree of diligence required under the established rules. Gray v. Handy, 204 Ala. 559, 86 South. 548; Kirkland v. Franke & Co., 207 Ala. 377, 92 South. 472; Hendley v. Chabert, 189 Ala. 258, 65 South. 993. Complainant had the election to proceed under the statute or at equity for "a rehearing" on grounds stated, and was not guilty of laches in filing her bill without having sought to avail herself of the four-months statute. Code, § 5372. Ground of demurrer numbered 7 was properly overruled.

[5] The decree was for complainant under phases of her defense—against the judgment and for the discharge of the execution issuing thereon and levied upon her land—that the judgment was rendered without notice and indirectly subjected her to the payment of the husband's debts. The latter is forbidden by statute, whether that end is sought to be accomplished directly or indirectly. Code, § 4497; Vinegar Bend Lumber Co. v. Leftwich, 197 Ala. 352, 72 South. 538; Smith v. Rothschild & Co. (Ala.) 102 South. 206;[1] Leath v. Hancock, 210 Ala. 374, 98 South. 274; Morriss v. O'Connor, 206 Ala. 542, 90 South. 304; Little v. People's Bank of Mobile, 209 Ala. 620, 96 South. 763.

[6] The pleadings exhibited from the proceedings in the law court disclosed that the coverture of the wife and her inability to become surety for the husband was not made a ground of defense; yet it is shown that the defense was by the husband and wife as codefendants. The authority to appear in that suit for the wife is denied in the instant case; and this lack of authority is established by the evidence. If she had been served with process, so as to accord to her due process, and judgment by default had been taken against her for the husband's debt, and if she was without fault, and came within the statute in making defense thereto, on a timely application a court of equity would prevent her properties being dissipated in the payment of her husband's debts.

[7] It is true the averments of the bill might have been more specific; the bill, however, avers want of notice or knowledge of the suit at law and sets forth the defense of surety of the wife for the husband in violation of the statute; and evidence is produced to prove that defense. The bill contains equity and the court properly overruled demurrers 1, 4, 6, and 8. It follows, therefore, that appellant can take nothing under its assignments of error Nos. 1 to 7, inclusive. Prudential Casualty Co. v. Kerr, 202 Ala. 259, 80 South. 97; Gray v. Handy, 204 Ala. 559, 86 South. 548.

The trial court, after considering the evidence, concluded that the allegations of the bill entitling complainant to relief had been proven to its reasonable satisfaction. This decree we will not disturb.

[8] Adverting to the ruling on demurrer, it would seem that the assignments of error are of such a general nature as not to require this court to give them consideration, in that there is a failure to point out specifically wherein the court erred in its final decree.

[9] The first six assignments of error, as stated, are joint or general. Each seeks to raise the question that the lower court erred in overruling the several grounds of demurrer assigned without specifying severally and separately the grounds of demurrer complained of. Under joint assignments of error an appellant can take nothing unless every ground of demurrer should have been sustained. We have indicated that all grounds of demurrer are not well taken. Sup. Ct. rule 1, 2 Code, p. 1506; Chavers v. Mayo, 202 Ala. 128, 79 South. 594; Hall v. Pearce, 209 Ala. 397, 96 South. 608; Cahaba Coal Co. v. Elliott, 183 Ala. 298, 62 South. 808; Continental Cas. Co. v. Ogburn, 175 Ala. 357, 57 South. 852, Ann. Cas. 1914D, 377. See, also, Woodruff v. Smith, 127 Ala. 77, 28 South. 736; Ashford v. Ashford, 136 Ala. 631, 34 South. 10, 96 Am. St. Rep. 82; Williams v. Coosa Mfg. Co., 138 Ala. 673, 33 South. 1015.

The decree of the circuit court in equity is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

