## PHILLIPS *versus* SCOGGINS.

The written acknowledgment, of a husband, of a note. executed by his wife; though the note may originally have been void in itself; becomes, by such acknowledgment, under the statute of this State, the note of the husband; and it is not necessary to set out in the declaration any consideration on the part of the husband, for such acknowledgment.

Scoggins brought the action of assumpsit against the plaintiff in error, in the County Court of Greene.

The cause of action was a promisory note, executed by the wife of the defendant; on which the latter had writtenan acknowledgment.

On demurrer to the declaration, judgment was rendered for the plaintiff, and the defendant by writ of error brought the case to this Court. The question presented was, whether any act of the husband, rendered the note of the wife valid, without a special disclosure in the declaration of a new consideration.

*Vandegraaf*, for plaintiff—*Gayle, contra.*

PERRY, J.—In this case the action was brought on a note given by Mary Phillips the wife of the defendant James Phillips, on which the defendant Phillips, had written, I acknowledge the above. The defendant, Phillips, demurred to the plaintiff's declaration, which was by the Court overruled, and judgment given for the plaintiff. The overruling the demurrer is now assigned for error, and presents the question for the consideration of this Court, can a husband bind himself to pay a note executed by his wife. We are of opinion he can. Although the note given by the wife was void, yet the husband having adopted it as his own, made himself liable for the payment of its contents, the note being *prima facie* evidence of consideration under our statute until the contrary is made to appear. The case cited,[a] is not like the [a]1 Stran.34 one before us. In that case the wife during coveture, had given her note : after the death of the husband, she was sued on the note,—the Court held, she was not liable, because when the note was given it was void; and that no subsequent act had made it good. But in the case before us, it is the same as if the husband had originally given the note himself. By his writing on the note, he adopted as his own act, what his wife had done ; we are therefore of opinion the judgment should be affirmed.

TAYLOR, J—In this case it appears that a promissory note was given by the wife of Phillips to Scoggins ; and that afterwards Phillips wrote as follows, under it : "I acknowledge the above;" and signed it. He was sued, and judgment rendered against him. It is insisted here, that the note in itself was void, and that to authorise a recovery against the husband,

a consideration, for his promise should have been set out in the declaration.

At common law, this would certainly have been the case; but under our statute, I consider such averment of consideration unnecessary. Every written promise, by that statute, is made *prima facie* evidence of consideration, and the only construction which can be given to this act of the husband, is a promise to pay the amount of the note *given by* the wife. As the law presumes a consideration for this promise, it devolved upon Phillips to show there was none. Let the judgment be affirmed.