# Manhattan Fire Insurance Co. *v.* Fowler & Co.

*Action on Policy of Fire Insurance.*

1. *Action against corporation; proof of service of process.*—To sustain a judgment by default, in an action against a corporation (Code, §§ 2934–35), the record must show that proof was made to the court of the fact that the person upon whom, as shown by the sheriff's return, the process was served, was the agent of the corporation, or occupied such other relation toward it as justified the service upon him for the corporation.

2. *Judgment by default, without jury.*—An action on a policy of insurance against fire, to recover for a loss of the insured property, is not "founded on an instrument of writing ascertaining the plaintiff's demand" (Code, § 3032); and it is error to render judgment final by default, without the intervention of a jury.

APPEAL from the Circuit Court of Jefferson.

The record does not show the name of the presiding judge.

This action was brought by J. A. Fowler & Co., suing as partners, against the Manhattan Fire Insurance Company, "a foreign corporation doing business in this State;" and was founded on a policy of insurance against fire, effected on a stock of goods which, as the complaint alleged, were destroyed by fire while the policy was in force. At the time of suing out the summons and complaint, the plaintiffs made affidavit that the defendant "is a body corporate, and that the president, or other head thereof, secretary, cashier, or other managing agent, are unknown to plaintiffs, and that they reside out of the State of Alabama." The sheriff returned the summons executed "by leaving copy with Ed. Warren, agent of the Manhattan Insurance Company, a body corporate, and by handing a copy of the same to Milner & Wilson." Judgment final by default, without the intervention of a jury, was rendered for the plaintiffs, for $1,000, "the amount of damages claimed in the complaint;" and the judgment does not show that any proof was made of the agency of the person upon whom the process was served. This judgment is now assigned as error.

HEWITT & WALKER, for appellants.

[Hensley v. Rose.]

SOMERVILLE, J.—The judgment in this cause must be reversed. It is a judgment by default against a defendant corporation, and there is no sufficient proof of the fact that the person upon whom the summons and complaint were served was an agent, or occupied such other relation towards the defendant as to justify service upon him under the statute. The mere return of the sheriff is insufficient. The record must show that the fact was *proved* to the satisfaction of the court. *Southern Express Co. v. Carroll*, 42 Ala. 437 ; *Oxford Ins. Co. v. Spradley, Ib.* 24 ; Code, 1876, §§ 2,34–35.

The action is, furthermore, one in which no judgment final by default could properly have been rendered, without the intervention of a jury. A writ of inquiry was necessary to ascertain the value of the property which is alleged to have been destroyed by fire and insured against loss by the terms of the policy of insurance. The statute authorizes a judgment by default, without the intervention of a jury, only in "actions founded on any instrument of writing ascertaining the plaintiffs' demand."—Code, 1876, § 3032. The amount of plaintiffs' loss could not be known, without the aid of extrinsic evidence. It was not ascertained by the policy itself.— *Warrick v. Banks*, 67 Ala. 252 ; *Porter v. Burleson*, 38 Ala. 343 ; *Connally v. Ala. & Tenn. R. R. Co.*, 29 Ala. 373 ; 2 Brick. Dig. p. 135, §§ 61, *et seq.*

Reversed and remanded.