ANTES, GAIN & Co., Appellees, v. WESTERN ASSURANCE COMPANY, Appellant.

84  355
f113 645
84  355
h128 580

**Fire Insurance:** CONDITIONS OF POLICY AS TO ADDITIONAL INSURANCE: WAIVER. Where a policy of insurance against fire provided that the policy should become void in the event of the assured contracting additional insurance without the written consent of the company, and, in making proofs of loss thereunder, the assured stated that there was concurrent other insurance upon the property to the amount of twenty-four thousand dollars, as specified in a schedule attached, the company having consented to only eighteen thousand additional insurance, and thereafter the company required the assured, at an expense of twenty-five dollars, to file additional proofs, "giving copies of the written portions of all policies," as provided by the policy in question, and sent its agent to adjust the loss; *held,* that the assured having represented in the proofs of loss, notwithstanding the statement of the amount of additional insurance therein, that nothing had been done to violate the conditions of the policy or render it void, the subsequent action of the company did not have the effect of a waiver of the condition of the policy as to additional insurance.

*Appeal from Black Hawk District Court.*—HON. C. F. COUCH, Judge.

WEDNESDAY, JANUARY 27, 1892.

ACTION on a policy of insurance. From a judgment for the plaintiffs, the defendant appeals.— *Reversed.*

*Boies, Husted & Boies,* for appellant.

*C. C. Miller* and *J. D. Nichols,* for appellees.

GRANGER, J.—The policy in suit contained a provision as follows: "If the assured shall have or shall hereafter make any other contract of insurance, whether valid or not, on the property hereby insured or any part thereof, without the consent of this company written thereon, then and in every such case this policy shall become void." The company consented to addi-

tional insurance to the amount of eighteen thousand dollars. At the time of the loss the additional insurance on the property exceeded the allowance by the company to the amount of six thousand dollars, and the policy is thereby avoided, unless the company has, by its acts, waived the condition of the policy as to such excess, which is the contention of the plaintiff.

The policy also contains the following provision: "Persons sustaining loss or damage by fire shall forthwith give notice of said loss to the company, and as soon after as possible render a particular account of such loss, signed and sworn to by them, stating whether any and what other insurance has been made on the same property, giving copies of the written portions of all policies thereon;  *  *  *  and until such proofs are procured  *  *  *  the loss shall not be payable."

After the fire the plaintiffs made proof of loss in writing, and the defendant company sent its agent to adjust the loss. The loss occurred October 24, 1884. The written proof of loss made thereafter contained the following as to additional insurance: "That, in addition to the sum insured by said policy on said property, there was concurrent other insurance made thereon to the amount of twenty-four thousand dollars, as particularly specified in schedule A hereto attached, besides which there was no other insurance thereon." The company required the plaintiffs to file additional proofs, "giving copies of the written portions of all policies thereon," except the policy in suit. This the plaintiffs did, at an expense of some twenty-five dollars. The agent of the company sent to make the adjustment was one A. A. Crandall, and during his investigations he received information that there was excessive additional insurance, and by letter he informed the general agent of the company of the fact. This information was not obtained by Crandall from an examination of the policies, but from conversations with

adjusters for other companies, and an examination of an "apportionment sheet."

The appellees state the following as the rule of their contention: "If in any negotiations or transactions with the insured, after knowledge of the forfeiture, the insurance company recognizes the continued validity of the policy, or does acts based thereon, or requires the insured by virtue thereof to do some act or incur some trouble or expense, the forfeiture is, as a matter of law, waived." They cite for its support *Hollis v. State Ins. Co.*, 65 Iowa, 454. Without accepting the rule as broadly as stated, [it may be said that the rule is correct, where the company, with full knowledge of the facts out of which the forfeiture of the policy arose, by its acts recognized the policy as a valid and subsisting contract, and induced the plaintiff to act in that belief, and to incur trouble and expense; such action would be a waiver of the condition under which the forfeiture arose. But the facts in this case do not bring it within the rule. The record is not authority for saying, that, when the company required the additional proofs, it was in full possession of the facts as to the excessive insurance. It is true that the company had information of that character, but it does not appear to have been such that the company could know it was true. The plaintiffs had not admitted it. They had stated in their proofs that the additional insurance on the property was twenty-four thousand dollars, but it was stated in the proofs that nothing had been done, by or with the privity or consent of the plaintiffs, to violate the conditions of the policy or render it void. Thus, upon the face of the proofs made, the plaintiffs were maintaining that there was no excessive insurance that avoided the policy. The written proofs were a contradiction of the information received through Crandall, and it is not to be said, under such a state of facts, that the company, in ask-

ing for the proofs as the plaintiffs had agreed to furnish them, was acting with full knowledge that there had been a forfeiture. Supposing for a moment that the written proofs had contained an admission, in terms, that at the time of the loss there were six thousand dollars of excessive insurance, and we have a plain application of the rule claimed; for then there would be no necessity for further proofs, and to then place the plaintiffs at further expense and trouble would be to recognize the policy as valid, for it is not to be presumed that such proofs would be required under a policy known and intended to be treated as void. This case, in principle, though differing somewhat as to its facts, is like *Fitchpatrick v. Hawkeye Ins. Co.,* 53 Iowa, 335. The particular difficulty in the way of adjustment in this case was the fact of excessive insurance; and this is the particular in which the company was requiring the proofs to be made more specific and in conformity with the contract, that thereby it might be aided by the plaintiffs' own proof to know the facts. This case is a good illustration of the justice of our holding, for, if the plaintiff company had observed the requirements of the policy in making its proofs of loss, the proofs would have been a plain denial of any claim on the part of the plaintiffs, for there was excessive insurance that avoided the policy. The company, in asking for the additional proofs, was asking for what it was entitled to under its contract and the law. This is not a case of hardship. The plaintiffs had, by their act in taking additional insurance, elected to avoid this policy, and at the time of the loss had no claim against the company. Their right of action, if any, depends upon the company's having, after the loss, so acted as to create a liability. The undisputed facts show that it has not.

The judgment is REVERSED.