# Order of Calanthe *v.* Armstrong.

## *Assumpsit.*

(Decided April 15, 1913.   62 South. 269.)

1. *Appeal and Error; Time of Taking.*—Section 2868, Code 1907, is expressly amended by Acts 1909, p. 195, so as to extend the general time for appeal from six months to one year.

2. *Judgment; Default; Recitals; Service of Process.*—Where a default judgment recites that service was had on T., Grand Protector, of defendant corporation, and that he was Grand Protector

of it, at the time of service, ·it does not sufficiently show that he was a person upon whom service could be legally had, for and on behalf of defendant, or that the court ascertained by proof that he was an officer or agent of it, within section 5303, Code 1907.

3. *Same.*—Judgment by default is not supported by service of a branch summons and complaint on the Secretary of State, where the record does not show compliance with the requirements of the statutes authorizing a valid service to be made on him, whether the complaint be construed to be against the corporation, such as mentioned by sections 4560, and 4562, Code 1907, or by Acts 1911, p. 700, relative to fraternal benefit societies.

4. *Same; Matters to Be Shown.*—Where the record on appeal from default judgment against a corporation fails to show service on such an agent or officer of it as is by law authorized to receive service, or that the court ascertained by proof that the person served was such an officer, the judgment is not authorized, and a reversal will follow.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by Neil Armstrong against the Order of Calanthe. Judgment for plaintiff by default and defendant appeals. Reversed and remanded.

C. B. POWELL, for appellant. The judgment was by default and fails to show that the service was made upon a person authorized to receive it, or that the court ascertained that the person served was the proper person to receive service. Therefore, the service was void. —Section 5300, Code 1907; Acts 1911, p. 700; Section 4560, and 4562, Code 1907; *M. & O. R. R. Co. v. Bynum,* 96 Ala. 461; *Hoffman v. Ala. Dist. Co.,* 124 Ala. 542.

CHARLES W. TOMPKINS, for appellee. The appeal should be dismissed because not taken within six months.—Sec. 2868, Code 1907. The judgment sufficiently shows proof of service on the proper person.— *Endowment Department v. Harvey,* in MSS.

PELHAM, J.—This case is submitted on appellee's motion to dismiss the appeal because not taken in time, and on the merits. Appellee insists that as the appeal

was not taken within six months, as provided by section 2868 of the Code, his motion should prevail. But section 2868 of the Code was amended by an act approved August 26, 1909 (Laws 1909, p. 165), extending the time within which appeals may be taken to one year from the rendition of the judgment.—Acts 1909, p. 165. The record shows the appeal to have been taken within one year from the rendition of the judgment appealed from, and the appellee's motion is denied.

The suit was against a corporation, and a judgment by default was rendered against it in the court below, and the record shows that the summons was executed by service on C. A. Tuggle, "grand protector of said company." The judgment entry recites that the judgment by default in the trial court was rendered on proof "that service was had in this cause by service on C. A. Tuggle, grand protector of defendant corporation, and that said C. A. Tuggle was grand protector of defendant corporation at the time of the service of the summons and complaint in this case." There is nothing in this recital, and there is nothing otherwise set out in the transcript, from which it would appear that the summons was served upon a person upon whom service could be legally had for and on behalf of the defendant, or that the court ascertained by proof that the person served was an officer or agent of the corporation, within the meaning of that term as defined by section 5303 of the Code of 1907.

The record also shows the service of a branch summons and complaint to have been executed on the Secretary of State; but a compliance with the requirements of the statutes authorizing a valid service to be had on this officer is nowhere shown by the record, whether we construe the complaint to be against a corporation, such as is referred to by sections 4560 and

[Davis v. Clausen.]

4562 of the Code, or the act approved April 24, 1911 (Acts 1911, p. 700 et seq.). The judgment by default can find no support because of the service of this process.

The motion to dismiss is overruled, and the cause must be reversed for failure of the record to show service on such an agent or officer of the defendant as by law was authorized to receive service, or to show that the court ascertained by proof that the person served was such an officer or agent of the corporation, for this was necessary to authorize the rendition of a judgment by default against the defendant corporation. —*Oxanna Bldg. Ass'n. v. Agee,* 99 Ala. 571, 13 South. 279, and cases cited; *Hoffman, Ahlers & Co. v. Ala. Dist. Co.,* 124 Ala. 542, 27 South. 485.

Reversed and remanded.