# Prudential Casualty Co. *v.* Kerr.

## Assumpsit.

(Decided April 16, 1916.  Rehearing denied May 30, 1916.
71 South. 979.)

1. **Evidence; Judicial Acts; Presumption.**—The court is presumed to have signed the minutes of the term at which a case was tried upon adjournment, under § 5732, Code 1907.

2. **Courts; Judgments; Alteration After Term.**—Where the term at which a case tried in the Birmingham City Court had ended before motion was made to set aside the judgment entry or to correct the same, the court could not alter or amend such judgment entry except for clerical error or omission, and then only on record evidence; parol evidence not being admissible to alter, amend or correct a record by amendment nunc pro tunc.

APPEAL from Birmingham City Court.

Heard before Hon. A. H. ALSTON.

Action by J. W. Kerr against the Prudential Casualty Company.  From a judgment for plaintiff, defendant appeals.  Affirmed.

Judgment by default was rendered on May 3, 1915.  On November 13, 1915, an application was made to set aside the second judgment, and to restore the cause to the docket; the application being based upon the fact that no service of the summons and complaint or copy thereof was had on defendant, or on John Purifoy, secretary of state, and ex officio insurance commissioner for the state of Alabama, and on the further ground that no legal evidence was offered in support of said default judgment, and no evidence introduced at the time to prove or establish the fact that summons and complaint were served on an agent of defendant, or upon any one authorized by law to receive such service on behalf of defendant.  The motion further contains the statement that at the time of the default judgment, the judge presiding made a bench note in words and figures as follows:

"May 3, 1915.

"Judgment for plaintiff by default for $260.00.  Trial by jury waived."

And that following the bench note, the clerk of the court in volume 34 B, p. 409, made the following minute entry:

[Prudential Casualty Co. v. Kerr.]

"On this the 3d day of May, 1915, came plaintiff by his attorney, and waives a jury trial which was heretofore demanded by him, and defendant being now solemnly called, came not, but made default, and the court upon plaintiff's motion proceeds to hear and determine this cause, whereupon it is ordered and adjudged by the court that plaintiff have and recover, etc., his debt and damages as ascertained and assessed by the court upon the proof produced by plaintiff upon the trial of this cause."

It is further alleged that therafterwards the clerk ran a pen through said order and struck it out, and proceeded erroneously to write up another judgment or minute entry, which was not the judgment of the court. This last minute entry shows satisfactory proof being made to the court that John Purifoy, upon whom service of the summons and complaint was had, was at the time of the said service the secretary of state and ex officio insurance commissioner for the state of Alabama, and, as such, duly authorized by law to receive service for said defendant corporation. The motion proceeds to assert that the first judgment entry was the only entry made by the court, and that no proof was made at the time of the rendition of said judgment of service of summons and complaint upon said John Purifoy, or that he was the officer as shown by the second judgment entry. The motion for new trial was denied on the proof taken.

DAVID S. ANDERSON, and A. H. ALSTON, JR., for appellant. GOODWYN & ROSS, for appellee.

PELHAM, P. J.—(1) The city court of Birmingham, at the time involved in this cause, held one regular term in each year, which commenced on the first Monday in October and ended on the last day of the succeeding September, unless the said last day be on Sunday, and if so, the term ended on the next day preceding.—Acts 1911, p. 58. The first judgment entry in this case is dated the 3rd day of May, 1915. The motion to set aside the second judgment entry, or to correct the same, which is dated the same day, does not appear to have been made until the 8th day of November, 1915, and was overruled on the 13th day of November, 1915. It therefore appears that the term at which the main case was tried had ended prior to the time the motion was made. The court is presumed to have signed the minutes of the term at which the main case was tried upon the adjournment of court.— Code, § 5732.

(2) There is much strength in the argument that the first judgment entry, having been made in final form by the clerk, pursuant to the memoranda on the trial docket, became and was the judgment of the court until set aside by the court or changed or modified under the direction of the court, and that since Code, § 5732, is only directory and not mandatory, parol evidence should be looked to for the purpose of showing the circumstances under which the first entry was erased and the second entry made; but under similar circumstances the Supreme Court of Alabama has held, in the case of *Briggs v. Tennesse Coal, Iron & R. R. Co.*, 175 Ala. 130, 57 South. 882, that: "When the judgment * * * as last formulated, was entered upon the minutes and the minutes were signed by the judge, it became the judgment of the court, and, after the adjournment of the term of the court, it was beyond the power of the judge to alter or amend the same, 'except for a clerical error or omission on evidence shown by the record,' " and that "parol testimony is not admissible in the proceeding to alter, amend, or correct a record by an amendment nunc pro tunc, which, according to the authorities cited and many others, must rest alone on matter apparent on the record."

We hold, therefore, that the judgment in this case as last formulated is the judgment of the court, and that the record evidence is not sufficient to amend the judgment nunc pro tunc.

The judgment of the court overruling the motion must be affirmed.

Affirmed.