(80 South. 97)

PRUDENTIAL CASUALTY CO. v. KERR.
(6 Div. 778.)

(Supreme Court of Alabama. June 20, 1918. Rehearing Denied Nov. 14, 1918.)

1. JUDGMENT ⊜299(1)—AMENDMENT—AFTER TERM.

Under Code 1907, § 5732 et seq., trial court retains control of its journals during term or for term specified by statute, and during such time, but not thereafter, may add to, strike out of, or alter its journals, or incorporate new matter therein.

2. JUDGMENT ⊜101(1) — DEFAULT — COMPLAINT.

Under Code 1907, § 4143, a complaint to support a default judgment must state a cause of action.

3. CONTRACTS ⊜334—PLEADING—CONSIDERATION—WRITTEN CONTRACTS.

Complaint in action on written contract need not allege the consideration; the writing under Code 1907, § 3966, prima facie importing consideration.

4. INSURANCE ⊜629(2)—ACTION ON POLICY—PLEADING—CONSIDERATION—"POLICY."

In view of Code 1907, §§ 4573, 4574, 4579, and section 5382, forms 12, 13, 14, and section 3966, as to written instruments, importing a consideration, a complaint to recover a sum due on insurance "policy" need not allege the consideration, the word "policy" designating the formal written instrument in which a contract

of insurance is embodied in contradistinction to a parol agreement to insurer.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Policy.]

**5. INSURANCE ☞627(2) — ACTION AGAINST INSURANCE COMPANY—SERVICE UPON INSURANCE COMMISSIONER—SUFFICIENCY OF SHERIFF'S RETURN.**

In action against nonresident insurance corporation, no other preliminary proof of service upon the secretary of state as ex officio insurance commissioner upon whom service might be perfected under Code 1907, § 4560, was necessary than the sheriff's return on the summons and complaint to the prima facie effect that service was made on J. P. "as secretary of state and ex officio insurance commissioner for the state of Alabama"; the quoted words not being descriptio personæ.

**6. EVIDENCE ☞44—JUDICIAL KNOWLEDGE—STATE OFFICIALS.**

In action against nonresident insurance corporation, the court will take judicial notice that J., upon whom sheriff's return shows service to have been made, was secretary of state and ex officio insurance commissioner.

**7. EVIDENCE ☞44—JUDICIAL NOTICE—COMMISSIONER OF INSURANCE.**

The court will take judicial notice that the separate department of insurance with its commissioner was not created and provided for until September 25, 1915, under Gen. Acts 1915, p. 834.

**8. JUDGMENT ☞419—DEFAULT—INJUNCTION.**

Equity will enjoin default judgment on timely application therefor on averment and proof that defendant was not served with process, provided such defendant also has a good and meritorious defense, shown to be available to him in a court of law, and that he will be able to prove on another trial.

**9. JURY ☞28(3) — RIGHT TO JURY TRIAL — WAIVER—CONSENT OF ADVERSE PARTY.**

Plaintiff's demand for a jury under Acts 1890–91, pp. 351, 352, § 5, rendered nugatory the provisions of such acts providing for a trial by the court without a jury, and plaintiff could not thereafter waive a jury trial except by consent of defendant, under Code 1907, § 5359, in an action occurring before the amendment of such section by Act Sept. 25, 1915 (Gen. Acts 1915, p. 824).

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by the Prudential Casualty Company against J. W. Kerr. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

David S. Anderson, of Birmingham, for appellant.

Goodwyn & Ross, of Bessemer, for appellee.

THOMAS, J. The bill was for injunction against execution on the judgment in a suit on a burglary insurance policy. One phase of the case was before the Court of Appeals in Prudential Casualty Co. v. Kerr, 14 Ala. App. 539, 71 South. 979.

[1] A trial court retains control of its journals during the term, or for the time specified by statute, and during such time may add to, strike out of, or alter its journals, or incorporate new matter. On final adjournment, or the expiration of the statutory period, control thereof for such amendment is lost. Wilder v. Bush, 201 Ala. 21, 75 South. 143; Lockwood v. Thompson, 198 Ala. 295, 73 South. 504; Hale v. Kinnaird, 200 Ala. 596, 76 South. 954; Campbell v. Beyers, 189 Ala. 307, 66 South. 651; Briggs v. T. C., I. & R. R. Co., 175 Ala. 130, 57 South. 882; Code, § 5732 et seq.

[2, 3] If the complaint on which a judgment by default is based fails to state a cause of action, the judgment is not supported thereby. Code, § 4143; Hall v. First National Bank of Crossville, 196 Ala. 627, 72 South. 171. The complaint in the instant case, if it be in a suit on a written contract, is not required to state the consideration, nor is it required to be proved; the writing prima facie importing a consideration. Code, § 3966; B. R., L. & P. Co. v. Littleton, 77 South. 565, 574;[1] Newton v. Brook, 134 Ala. 269, 32 South. 722; Heirs of Holman v. Bank, 12 Ala. 369 (headnote 10); Click v. McAfee, 7 Port. 62; Phillips v. Scoggins, 1 Stew. & P. 28.

[4] Does the averment of the complaint to the effect that the sum claimed was "due on a policy of insurance whereby the defendant on the 12th day of August, 1913, insured or indemnified for the term of one year the plaintiff against loss of money by burglary, etc., * * * that said policy is the property of the plaintiff, etc.," import that the suit was founded on the breach of a written contract of insurance? The words "policy" or "policy of insurance," are the designations of the formal written instrument in which a contract of insurance is embodied. 2 Steph. Comm. 172; Black's Law Dict. 908; Trustees, First Baptist Church, v. Brooklyn Fire Ins. Co., 19 N. Y. 305, 308; Franklin Fire Ins. Co. v. Martin, 40 N. J. Law, 568, 29 Am. Rep. 271; Manny v. Dunlap, 16 Fed. Cas. 658, No. 9,-047; Corporation of London Assur. v. Paterson, 106 Ga. 538, 32 S. E. 650; Liverpool & L. & G. Co. v. T. M. R. L. Co., 11 Okl. 585, 69 Pac. 938; Dayton Ins. Co. v. Kelly, 24 Ohio St. 346, 15 Am. Rep. 612; Cockerill v. C. Mut. Ins. Co., 16 Ohio, 148, 164; London & L. Fire Ins. Co. v. Lycoming Ins. Co., 105 Pa. 424, 430; Paul v. Virginia, 75 U. S. (8 Wall.) 168, 183, 19 L. Ed. 357; Greene v. Pacific Mut. Ins. Co., 91 Mass. (9 Allen) 217, 219; Goodall v. N. E. Mut. Fire Ins. Co., 25 N. H. 169, 192; 14 R. C. L. p. 925, § 102; 1 Cooley's Briefs on Ins. 574. Our statutes and decisions have virtually adopted the foregoing meaning of the words "policy" and "policy of insurance" as being the written contract of insurance, in contradistinction to the parol

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 201 Ala. 141.

agreement to insure. Code, §§ 4573, 4574, 4579, 5382, form 13; Brotherhood, etc., v. Milner, 193 Ala. 68, 76, 69 South. 10; Allen v. Standard Ins. Co., 198 Ala. 522, 73 South. 897; Pacific Mutual Life Ins. Co. v. Hayes, 200 Ala. 246, 76 South. 12; Empire Life Ins. Co. v. Gee, 178 Ala. 492, 60 South. 90; Piedmont, etc., Co. v. Young, 58 Ala. 476, 29 Am. Rep. 770; Ala. Fidelity & Cas. Co. v. Ala. P. Savings Bank, 200 Ala. 337, 76 South. 103, 107; Insurance Co. v. Lovejoy, 201 Ala. 337, 78 South. 299, L. R. A. 1918D, 860. The consideration therefor need not be stated in a count declaring thereon. Code 1907, § 5382, forms 12, 13, and 14; Phœnix Co. v. Moog, 78 Ala. 284, 56 Am. Rep. 31; Brooklyn Co. v. Bledsoe, 52 Ala. 538; Nat. Life & A. Ins. Co. v. Lokey, 166 Ala. 174, 52 South. 45; Knights, etc., v. Gillespie, 14 Ala. App. 493, 71 South. 67.

The complaint, containing only one count, was sufficient as one on which to rest the judgment by default against complainant as defendant in the court of law; for the use therein of the words "policy whereby the defendant on the 12th day of August, 1913, insured or indemnified for the term of one year the plaintiff, etc.," imported that the written contract of insurance was declared on, and that it was founded on a consideration that need not be stated.

[5] At the time of the issuance of the policy and of its breach, of suit thereon, and of service of summons and complaint, the law made the secretary of state ex officio insurance commissioner, and, as such official, the agent of appellant, as a nonresident insurance company, on whom service of process might be perfected. Code, § 4560; Lewis v. Internat. Ins. Co., 73 South. 629.[2] No other preliminary proof of service was necessary than that of the sheriff's return on the summons and complaint, to the prima facie effect that service was made on John Purifoy in his official capacity as insurance commissioner. The words of the return "as secretary of state and ex officio insurance commissioner for the state of Alabama" were not descriptio personæ, but were the expression of the prima facie fact of perfected service on the said nonresident insurance corporation. Lucas v. Pittman, 94 Ala. 616, 10 South. 603; Ala. City, G. & A. Ry. Co. v. Heald, 178 Ala. 636, 639, 59 South. 461; Briel v. Exchange National Bank, 180 Ala. 576, 61 South. 277. The case of Hoffman v. Alabama Co., 124 Ala. 542, 27 South. 485, is not to a different purport. There the service was on an individual, of whom the word "president" was held to be merely discriptio personæ.

[6, 7] The court takes judicial knowledge that on February 19, 1915, John Purifoy was the secretary of state and ex officio insurance commissioner of Alabama, and that the separate department of insurance, with its commissioner, was not created and provided for until September 25, 1915. Gen. Acts 1915, p. 834. As that of a sworn officer, the sheriff's return of service is held to be prima facie evidence that a return, warranted by the fact of service as therein indicated, was made. Ingram v. Ala. Power Co., 75 South. 304;[3] Dunklin v. Wilson, 64 Ala. 162; Martin v. Barney, 20 Ala. 369; Brown v. Turner, 11 Ala. 752. The clerk was therefore authorized to correct his judgment entry from information gained by him from the sheriff's return.

[8] Appellant insists in its bill that, notwithstanding the return of the sheriff so exhibited, no service of process by the sheriff was ever in truth made on the secretary of state as ex officio insurance commissioner, and that no notice was ever given to it as defendant in judgment in the lower court. A court of equity will enjoin a judgment which purports to have been rendered by default, on timely application therefor, with averment and proof that the defendant was not served with process, provided such complainant defendant also has a good and meritorious defense, shown to be available to him in a court of law, and that he will be able to prove on another trial. National Fertilizer Co. v. Hinson, 103 Ala. 532, 537, 15 South. 844; Rice v. Tobias, 89 Ala. 214, 7 South. 765; McDonald v. Cawhorn, 152 Ala. 357, 44 South. 395; Fields v. Henderson, 161 Ala. 534, 50 South. 56; Raisin Fert. Co. v. McKenna, 114 Ala. 274, 21 South. 816; Gill v. More, 200 Ala. 511, 76 South. 458; Dunklin v. Wilson, 64 Ala. 162; 6 Pom. Eq. Jur. §§ 658, 663.

Appellant insists that, to support the judgment by default against appellant, which is a foreign insurance company, the record must affirmatively show that proof was made when the judgment was taken, that the officer on whom service was perfected was, at the time, secretary of state and ex officio insurance commissioner, and as such was the agent of the defendant insurance company on whom service might be perfected. In support of this insistence it cites Code, § 5303; Manhattan Fire Ins. Co. v. Fowler, 76 Ala. 372; Order of Calanthe v. Armstrong, 7 Ala. App. 378, 62 South. 269; American Bonding Co. v. New York, etc., 11 Ala. App. 578, 66 South. 847.

In Fowler's Case, 76 Ala. 372, the complaint was executed by leaving a copy with Ed Warren, agent of the Manhattan Insurance Company, a body corporate, and by handing a copy of the same to Milner & Wilson. In the Armstrong Case, 7 Ala. App. 378, 62 South. 269, service was purported to have been perfected on the Grand Protector of the defendant corporation, and in American Bonding Co. v. New York, etc., 11 Ala. App. 578, 66 South. 847, service was perfected on R. W. Wilson, of the firm of Wilson & Sons, agents of the American Bonding Company, etc. On such

---

[2] 198 Ala. 411.    [3] 201 Ala. 13.

returns of service it was necessary, under section. 5303 of the Code (of force at the time), to prove the fact of such agency. In the case at bar the service purported to have been perfected was on that state official by the statute designated as the agent of the insurance company upon whom legal process might be served. Testimony to the effect that John Purifoy was such official on the date in question would have given the court no more information than that of which judicial knowledge was taken.

In an action for damages ex contractu, upon an unliquidated demand, a default is held not to admit the amount of the demand, and proof is necessary to determine the amount for which the judgment is to be rendered. Maund v. Loeb & Bro., 87 Ala. 374, 6 South. 376. So a writ of inquiry is necessary when judgment by default or nihil dicit is entered in actions upon penal bonds or other writings for the nonperformance of any covenant or agreement contained therein. Code, § 5325. It is only in actions founded on any instrument of writing ascertaining the plaintiff's demand, on judgment by default, nihil dicit, or on demurrer, rendered for plaintiff, that the same may be entered by the clerk, under direction of the court, without the intervention of a jury. Code, § 5356. An action founded on a fire insurance policy has been held not to be within this statute. Home Protection Ins. Co. v. Caldwell, 85 Ala. 607, 5 South. 338; Manhattan Fire Ins. Co. v. Fowler, 76 Ala. 372. For writings within the statute see McGowin v. Dickson, 182 Ala. 161, 171, 62 South. 685; Brandon v. Leeds State Bank, 186 Ala. 519, 65 South. 341.

On this question the averment of the bill was to this effect: That the judgment is utterly void, in this:

"No evidence whatever was introduced when said default judgment was rendered on the merits of the case, or to establish the plaintiff's claim for the demand sued for in the complaint, or defendant's liability therefor."

Of this failure of the trial court to require evidence to be introduced as to the amount of the liability on the policy of insurance sued on, presented as a reason why a retrial should be had at law, we will observe that, if a jury had not been properly waived, such issue of fact must have been submitted to the jury for determination. No such submission to a jury was had, for the judgment entry recites:

"Came the plaintiff by his attorneys and waives a jury trial which was heretofore demanded by him, and the defendant, being now solemnly called, came not, but made default."

In Ex parte Florida Nursery & Trading Co., 77 South. 391,[4] section 3971 of the Code was construed as requiring the record proper to show a substantial compliance with the statute, in justification of a final judgment

[4] 201 Ala. 97.

in case of default without a writ of inquiry by a jury to ascertain the amount of the judgment, and it failing to show such compliance, that the judgment must be reversed on appeal. It was also held that, as to the right to a jury trial by the defendant in default, in a case where the plaintiff has demanded the same, in view of the act of 1915 (Gen. Acts 1915, p. 940), the right, after such demand, may not be waived by the plaintiff without the consent of the defendant in default, since such defendant has the right under the statute to have the jury ascertain the amount for which judgment should be rendered against him. Hartford Fire Ins. Co. v. Bannister, 201 Ala. 681, 79 South. 253.

The trial in the case at bar, occurring before the amendment of section 5359 of the Code by the act of September 25, 1915 (Gen. Acts 1915, p. 824), is governed by the provisions of the local act under which demand for a jury by the plaintiff was made on the filing of the original suit by Kerr against the Prudential Casualty Insurance Company. The provision of the general law (Code 1886, § 2743) in force when the practice act for Jefferson county was passed (February 5, 1891) was embodied as section 5359 of the present Code, reading:

"An issue of fact in a civil case may be tried and determined by the court without the intervention of a jury, at any time, whenever the parties, or their attorneys of record, file an agreement in writing with the clerk, waiving a jury; and in such case, the finding of the court upon the facts shall have the same effect as the verdict of a jury."

By the original statute a jury trial was mandatory in civil cases unless waived in writing, as provided.

The act regulating practice and procedure in civil cases in Jefferson county as to jury trials was as follows:

"In all cases, whether commenced by summons and complaint, attachment or otherwise, the issues and questions of facts shall be tried by the court without the intervention of a jury, unless a jury be demanded by the plaintiff at the commencement of the suit, or by the defendant at the time he appears, or by any other person interested in such issue or question at the time he appears; such demand must be made by the plaintiff, or party occupying the position of plaintiff, by indorsing the same in writing upon the summons and complaint, attachment, petition, claim or other paper filed by him, for the purpose of instituting such suit, or when he intervenes without suing out process upon the pleading or paper filed by him for the purpose of presenting such issue or question of fact, and by the defendant or other party occupying the position of defendant, including garnishees, by indorsing such demand in writing upon the demurrer, plea, answer, or other pleading filed by him," etc. Acts 1890-91, pp. 351, 352, § 5.

[9] By the special act a jury trial was mandatory only on due demand of the parties. This demand being duly made by the plaintiff in the instant case, when service was perfected on the defendant (if it was so perfected), it had the right to rely on a pro-

cedure, by trial by jury, to ascertain the amount due plaintiff for the breach of the specific terms of the policy. This was guaranteed to it by law. The due demand by the plaintiff for a jury, as to this case, in effect rendered nugatory the provisions of the special act for a trial by the court without a jury; and thereafter the respective parties, under organic and general statutory law, were guaranteed the right of a trial by jury of the issues, contested or unadmitted by the default, of the amount of liability under the policy for the loss by the burglary averred. This question has never been tried. It would appear that plaintiff, having demanded a jury trial, could not thereafter waive it except by consent of defendant.

It is pertinently observed in Ex parte Florida Nursery & Trading Company, supra, 201 Ala. 97, 98, 77 South. 391, 393, that—

"The plaintiff in this case having demanded a jury by indorsing the demand on his summons and complaint, as the statute directs, and the defendant being brought into court by the service upon it of a copy thereof, it was useless for the defendant to demand a jury; and, as the plaintiff could not withdraw this demand without the defendant's consent, defendant had a right to rely thereon, and therefore had the right to have a jury ascertain the amount of damages, even though it made no defense. The law guaranteed it this right, unless the statutes which we have above referred to were complied with. It would have been a wholly useless thing for defendant to demand a jury, the plaintiff having already done so, and notified defendant of that fact, and defendant knowing that the demand could not be withdrawn without its consent."

The amendment of the general statute thus dealt with and discussed by Mr. Justice Mayfield provided that all civil cases at law shall be tried and determined by the court "unless the plaintiff at the time of filing his complaint indorses thereon a demand for a trial by a jury or unless the defendant at the time of filing his initial pleading indorses thereon a demand for a trial by jury." Gen. Acts 1915, p. 824. Not only in legal effect, but in literal construction, the local act under which plaintiff demanded a jury in the instant case and the act so involved in Ex parte Florida Nursery & Trading Co., supra, are practically the same. It would appear that the decision in the latter case has application here. This is not contrary to Knight v. Farrell, 113 Ala. 258, 20 South. 974, where the plaintiff had waived a jury trial by failure to demand a jury under the statute. The fact that defendant thereafter demanded a jury did not prevent him from subsequently withdrawing such demand and thereby acceding to plaintiff's original exercise of his right of waiver of a jury trial. The result of that case no doubt would have been different if plaintiff had demanded a jury, and was thereafter trying to waive the right invoked by the demand, against objection of the defendant. Brock v.

L. & N. R. R. Co., 122 Ala. 172, 26 South. 335; Baader v. State, 201 Ala. 76, 77 South. 370.

Aside from this, the record shows not only that no evidence was submitted to a jury in execution of a writ of inquiry, but that no witness was sworn at the trial, and that the judgment was rendered by the court, without a jury, for the amount stated by plaintiff's counsel to be due. Though respondent testified that he was present when the judgment was rendered, and that there was evidence submitted as to the amount of the liability under the policy, he stated on cross-examination that he was not sworn as a witness for any purpose, and did not know of any witness being sworn in the execution of a writ of inquiry. Mr. Goodwin's testimony is silent on this point.

Of the fact of the failure of actual service of summons and complaint on him, as ex officio insurance commissioner, or in any capacity, the witness Purifoy testified positively that such service was not so perfected on him by the sheriff, pursuant to the return. The testimony of the sheriff making the return was that he served the process, but had no independent recollection of it other than the return and records in his office would show. He said:

"While I have no independent recollection of serving the summons and complaint in this cause personally on John Purifoy himself, still I am of the opinion, and to the best of my recollection, I did serve it on Mr. Purifoy himself, and of course served it on Mr. Purifoy as secretary of state and ex officio insurance commissioner for the state of Alabama."

The decree of the circuit court in equity is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.