(108 So. 331)

## CALEDONIAN INS. CO. v. JONES.
### (8 Div. 783.)

(Supreme Court of Alabama. Oct. 15, 1925. Rehearing Granted Dec. 10, 1925. Rehearing Denied May 6, 1926.)

1. **Insurance** ⊜⇒629(2)—**Count of complaint held to sufficiently allege insurance of property destroyed by fire under policy sued on (Code 1907, § 5382, form 13).**

Count of complaint, claiming stated sum as value of described building "which defendant * * * insured against loss or damage by fire," and "was destroyed by fire" on certain day, *held* to sufficiently allege insurance of property destroyed by fire, under policy sued on, in view of Code 1907, § 5382, form 13.

2. **Insurance** ⊜⇒668(15)—**Proof that insured was put to trouble and expense in making supplemental proof of loss held for jury.**

Proof, in action on fire insurance policy, that plaintiff was put to trouble and expense in making supplemental proof of loss, as averred in replication to plea of forfeiture by taking additional insurance, *held* for jury.

#### On Rehearing.

3. **Insurance** ⊜⇒665(8)—**Insurer's letter, declining to accept proof of loss as not stating all other insurance covering property, held not to show waiver of forfeiture after full knowledge of breach of provisions against other insurance.**

Letter from insurer to insured, declining to accept paper as proof of loss for stated reasons, among which was that it did not state all other insurance covering property, *held* insufficient to show waiver of forfeiture after full knowledge of breach of provisions against other insurance.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Action by Ezra Jones against the Caledonian Insurance Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and remanded on rehearing.

Count 1 of the complaint is as follows:

"Count 1. The plaintiff claims of the defendant the sum of $600, with interest thereon, the value of a one story frame building with shingle roof, its additions and foundations, situated at No. 420 on the east side of the Somerville Pike, in Albany, Ala., and which the defendant on, to wit, February 10, 1923, insured against loss or damage by fire for the term of one year, and which property was destroyed by fire on January 31, 1924, of which the defendant has had notice."

Plaintiff's replication 3 to plea 4 is as follows:

"Third. Plaintiff avers that the defendant waived the forfeiture set up in plea No. 4, for that, after knowledge of the fact that there was another policy of insurance covering the same property, and after plaintiff had forwarded a statement of the loss under the policy sued on to defendant the defendant, through its duly authorized agent, acting within the scope of his employment, wrote plaintiff as follows:

" 'Southern Adjustment Bureau, Incorporated, Atlanta, Georgia.

" 'No. 85098.     Birmingham, Alabama, March 11, 1924.

" 'Ezra Jones, c/o Cain, Wolcott & Rankin, Agents, Albany, Alabama: Re Loss Ezra Jones, Albany, Ala., Fire of January 31, 1924. We are in receipt of your paper dated February 28th, addressed to the Caledonian Insurance Company of Scotland, which paper we presume you intended as a proof of loss. The said Caledonian Insurance Company of Scotland does not accept said paper as proof of loss, for the following, among other, reasons: First. Said paper does not state time of fire. Second. Said paper does not state the interest of the assured and all others in the property. Third. Said paper does not state whether the property is incumbered. Fourth. Said paper does not state all other insurance covering the property. Fifth. Said paper does not contain copies of all descriptions and schedules contained in all policies.

" 'As above stated, the Caledonian Insurance Company of Scotland does not accept the above-mentioned paper as proof of loss, and same is being held at this office subject to your order.

" 'Yours truly,
Southern Adjustment Bureau,
" 'GVL–1      By Geo. V. Long.'

"That thereupon, and straightway, plaintiff employed an attorney to prepare an amended and supplemental statement and proof of loss, which was done, and same was forwarded to, and received by, defendant on or about March 4, 1924, and defendant made no objection to the sufficiency of said proof of loss as amended, and this plaintiff was put to and incurred trouble and expense in and about making the said supplemental proof of loss."

This replication was amended by "adding thereto the following":

"That at and before said letter was written defendant's said duly authorized agent, who at the time was acting within the line and scope of his employment, had full knowledge of the existence of the contract of insurance with another insurance company as set forth in plea 4."

Coleman, Coleman, Spain & Stewart, of Birmingham, and Eyster & Eyster, of Albany, for appellant.

The complaint is defective in omitting the allegation "in the policy of insurance mentioned." Code 1907, p. 1196. Construction of the letter, as to whether it contained express or implied waiver, was for the court. Georgia Home Ins. Co. v. Allen, 119 Ala. 449, 24 So. 399.

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

After a loss, affirmative action is necessary to constitute a waiver of a forfeiture. Queen Ins. Co. v. Young, 86 Ala. 431, 5 So. 116, 11 Am. St. Rep. 51; Globe Ins. Co. v. Wolff, 95 U. S. 326, 24 L. Ed. 387; Cable v. U. S. Life Ins. Co., 111 F. 31, 49 C. C. A. 216. There is no implication of waiver, unless the acts of the insurer are inconsistent with a denial of the validity of the policy. Cesar v. Virgin, 207 Ala. 148, 92 So. 407, 24 A. L. R. 715; Sovereign Camp v. Jones, 11 Ala. App. 441, 66 So. 834; Amer, etc., Ins. Co. v. McDiarmid, 211 Ala. 127, 99 So. 850. To support waiver, there must be something done or said by the company to induce reliance upon it. W. O. W. v. Allen, 206 Ala. 44, 89 So. 58; First Nat. Bank v. Maxwell, 123 Cal. 360, 55 P. 980, 69 Am. St. Rep. 69.

S. A. Lynne, of Decatur, for appellee.

Count 1 is sufficient. Royal Exch. v. Almon, 202 Ala. 374, 80 So. 456. Replication 3 is not subject to demurrer. Queen Ins. Co. v. Young, 86 Ala. 430, 5 So. 116, 11 Am. St. Rep. 51; Germania F. Ins. Co. v. Pitcher, 160 Ind. 392, 64 N. E. 921, 66 N. E. 1003; Walker v. Phœnix Ins. Co., 156 N. Y. 628, 51 N. E. 392; McNally v. Phœnix Ins. Co., 137 N. Y. 389, 33 N. E. 475; Knickerbocker Ins. Co. v. Norton, 96 U. S. 234, 24 L. Ed. 689; Cannon v. Ins. Co., 53 Wis. 585, 11 N. W. 11; Georgia Home Ins. Co. v. Allen, 128 Ala. 451, 30 So. 537.

THOMAS, J. [1] Demurrer to count 1 of the complaint was properly overruled. The count sufficiently alleged that plaintiff insured the property destroyed by fire under the policy sued on. Code 1907, § 5382, p. 1196, form 13; Exchange Assurance of London v. Almon, 202 Ala. 374, 80 So. 456; Prudential Casualty Co. v. Kerr, 202 Ala. 259, 80 So. 97; Liverpool & London & Globe Ins. Co. v. Lowe, 208 Ala. 12, 93 So. 765.

The overruling of demurrer of defendant to plaintiff's replication numbered 3 as amended, as answer to the forfeiture set up in plea 4, is urged as error. The plea alleged that, contrary to the contract provision—not to have or take other insurance—the plaintiff took additional insurance.

The question of the breach of the condition and forfeiture of insurance, where there was a known breach, was considered in Queen Ins. Co. v. Young, 86 Ala. 424, 430, 5 So. 116, 118 (11 Am. St. Rep. 51), and the effect of that holding was that courts did not favor forfeitures and "are usually inclined to take hold of any circumstances which indicate an election to waive a forfeiture"; that, if, after knowledge of the breach, the defendant enters into "negotiations or transactions with the assured, which recognize and treat the policy as still in force, or induces the assured to incur trouble or expense, it will be regarded as having waived the right to claim the forfeiture." Liverpool & London & Globe

Ins. Co. v. McCree, 213 Ala. 534, 105 So. 901; Southern States Fire Ins. Co. v. Kronenberg, 199 Ala. 164, 74 So. 63; Insurance Co. of North America v. Williams, 200 Ala. 681, 77 So. 159; Sov. Camp., W. O. W., v. Allen, 206 Ala. 41, 89 So. 58; New Brunswick Fire Ins. Co. v. Nichols, 210 Ala. 63, 97 So. 82.

The averred facts show that proof of loss was made and that defendant knew of the breach by the taking of additional insurance, and, being advised of its right to claim a forfeiture, elected to write the letter set forth in the replication calling for additional information by way of perfection of the proof of loss. This plaintiff furnished at the averred additional expense.

The failure to declare the forfeiture upon knowledge of the breach averred in effect was to say to assured:

"Your statement or proof of loss is incomplete without showing these facts specified."

This in effect said to assured:

"You may incur trouble and expense to that end in compliance with the request for completion of the proof of loss."

Thereby was waived the breach of which defendant had knowledge when the proof of loss was first made. McNally v. Phœnix Ins. Co., 137 N. Y. 389, 33 N. E. 475. There was no error in the ruling on demurrer to said replication. Knickerbocker Ins. Co. v. Norton, 96 U. S. 234, 24 L. Ed. 689, 692.

If defendant at the time it wrote the letter intended to avail itself of the breach of the warranty, covenant, or condition referred to —as to additional insurance—the requirement of section 4 of its letter saying "said paper does not state all other insurance covering the property" was wholly unnecessary. The forfeiture could be predicated on a breach of one additional contract of insurance as well as upon many.

[2] There was no error in declining the general affirmative instructions requested by the defendant. The proof of the fact of plaintiff having been put to trouble and expense as averred in replication to plea 4 was for the jury. Watts v. Metropolitan Life Ins. Co., 211 Ala. 404, 100 So. 812. And there was no error in overruling the motion for a new trial on the foregoing grounds.

The affidavits of the jurors Grayson and McKenna show that there was no previous agreement of the jury to abide by a quotient result and to render an unlawful quotient verdict. Ala. City, G. & A. Ry. Co. v. Lee, 200 Ala. 550, 76 So. 908; N. M. C. B. & L. Ass'n v. Plemmons, 210 Ala. 286, 98 So. 12.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

### On Rehearing.

THOMAS, J. [3] The action of the trial court in overruling demurrer to replication No. 3 as amended has been re-examined in conference by all the justices, and it is now held to be error. In view of paragraph 4 of the letter calling for further information on the subject of other insurance, when considered with the other expressions contained in the letter and set out in that pleading, it is not sufficient to show a waiver after full knowledge of a breach of the contract provisions not to have or take other insurance. Antes v. West Assur. Co., 84 Iowa, 355, 51 N. W. 7.

All the Justices concur in granting the application for rehearing, and the cause is reversed and remanded.

Application granted. Judgment of affirmance set aside, and reversed and remanded.